IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMY I. PATTERSON, INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED                                           PLAINTIFF

VS.                                              CIVIL ACTION NO.: 3:15-cv-372-DPJ-FKB

DOMINION ENTERPRISES, INC.                                                 DEFENDANT

REPORT AND RECOMMENDATION

This case comes before the undersigned on Plaintiff's Motion to Enforce Settlement [42], said motion having been referred to the undersigned by the district judge. *See* [45]. After considering the motion, the response [44] of Defendant Dominion Enterprises, Inc., and Plaintiff's reply [46], the undersigned recommends that the motion be granted.

It is undisputed that the parties entered into a binding settlement agreement on July 1, 2016, whereby Defendant agreed to pay Plaintiff the sum of twenty thousand dollars ($20,000.00) in full and final settlement of all claims against Defendant. [42] at 1; [44] at 1. In her motion, Plaintiff contends that during settlement negotiations, Defendant represented that payment in full would be made upon entry of the order of dismissal and that Plaintiff relied on that representation in entering into the settlement agreement. [42] at 1-2. In response, Defendant does not dispute Plaintiff's representation and asserts that at the time of the settlement agreement on July 1, 2016, Defendant "believed that it could make a lump sum payment." [44] at 1. Nevertheless, by letter dated July 28, 2016, Defendant's counsel represented to Plaintiff's counsel that Defendant is unable to pay a lump sum and proposed that the settlement be paid in installments. [42-1]. Specifically, Defendant's counsel proposed a payment plan with $2,000.00

to be paid by August 10, 2016, to be followed by monthly payments in the amount of $1,000.00 to be paid thereafter for the next eighteen (18) consecutive months.  *Id.*  Defendant states, however, in response to Plaintiff's motion that "payment can be made in full at the end of the 2016 year as Defendant's busy time and most income producing time is during the Christmas holidays which occurs in November and December of each year." [44] at 1.  As of the date Plaintiff filed her motion on August 8, 2016, Plaintiff acknowledged receipt of $2,000.00 in partial payment of the settlement.  [42] at 2.  The undersigned is unaware of whether Defendant has made any additional payments.

It is undisputed that Defendant is bound by the settlement agreement requiring Defendant to pay Plaintiff the sum of $20,000.00.  It is also undisputed that at the settlement conference, Defendant represented, and Plaintiff relied on Defendant's representation, that the settlement amount would be paid in a lump sum upon entry of the order of dismissal. The settlement agreement clearly did not include an interest-free payment plan by which Defendant would pay the settlement in installments over an eighteen (18) month period.

Accordingly, the undersigned recommends that the Court set a date by which Defendant must pay the settlement in full.  The undersigned recommends that the Court set the date of November 16, 2016, which the undersigned believes would be more than reasonable to Defendant as it would allow Defendant one hundred twenty (120) days from entry of the order of dismissal to pay the settlement in full.  The undersigned further recommends that if Defendant fails to pay the settlement in full by the date set by the Court, an interest-bearing judgment be entered, upon motion and request by Plaintiff, on the remaining unpaid balance and any attorney's fees the Court finds should be awarded.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of October, 2016.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE